UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME PERKINS, | |
|     Plaintiff, | Case No. 3:19-cv-00959 |
| v. | Judge Aleta A. Trauger |
| RUSSELL WASHBURN, et al., | Magistrate Judge Alistair E. Newbern |
|     Defendants. | |

## MEMORANDUM ORDER

This civil rights action concerns pro se and *in forma pauperis* Plaintiff Jerome Perkins's incarceration at the Trousdale Turner Correctional Center in Hartsville, Tennessee. (Doc. No. 1.) On July 14, 2020, the Court screened Perkins's complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A, and found that he had stated colorable claims under the Eighth Amendment against CoreCivic and against Sergeant Alicia Gross, Sergeant Lestor l/n/u, and Lieutenant f/n/u Holmes in their individual capacities; a colorable First Amendment retaliation claim against CoreCivic; and a colorable Eighth Amendment deliberate indifference to serious medical needs claim against Mrs. f/n/u Grossman in her individual capacity. (Doc. Nos. 6, 7.) The Court directed the Clerk's Office to mail Perkins a service packet for each defendant and ordered Perkins to complete and return those packets within thirty days. (Doc. No. 7.) Perkins did so, requesting that the U.S. Marshals Service attempt to serve the defendants at the TTCC. (Doc. No. 9.)

On August 6, 2020, the Court received a letter from Perkins stating that Grossman and Lestor had been terminated from their employment at the TTCC and that Perkins did not have their "current or work address[es.]" (Doc. No. 10, PageID# 70.) The Court also received another letter

from Perkins in which he requests appointment of counsel. (Doc. No. 8.) For the reasons that follow, TTCC Warden Raymond Byrd or another authorized representative of the TTCC will be ordered to file the last known addresses of Grossman and Lestor under seal and Perkins's request for appointment of counsel will be denied without prejudice.

## I. Service of Grossman and Lestor

Where, as here, a plaintiff proceeds *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to direct that service be effected by a U.S. Marshal or other person specifically appointed by the Court for that purpose. Fed. R. Civ. P. 4(c)(3). Although the Court is not required to seek out a defendant's address so that process can be served, the Sixth Circuit has recognized that district courts may undertake measures to discover the identity and address of an unserved defendant. *Fitts v. Sicker*, 232 F. App'x 436, 443–44 (6th Cir. 2007). Such measures may include ordering that governmental entities and non-parties provide addresses to the U.S. Marshal so that service can be achieved. *Id.* at 443. This Court and others have relied on *Fitts* to order that service addresses be produced. *See Baldwin v. Croft*, No. 3:12 CV 1867, 2013 WL 172870, at *1–2 (N.D. Ohio Jan. 16, 2013); *cf. Ely v. Smith*, No. 1:07-cv-261, 2008 WL 2076651, at *2 (E.D. Tenn. May 15, 2008) (citing *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990)).

Accordingly, the Court will order Warden Byrd or an authorized representative of the TTCC to file a notice under seal providing the last known addresses of Defendants Mrs. Grossman and Sergeant Lestor.

## II. Appointment of Counsel

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right." (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis*

*v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 922 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine whether exceptional circumstances exist, "a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

There are not exceptional circumstances warranting appointment of counsel at this time. Perkins states that he is currently in protective custody at the South Central Correctional Facility in Clifton, Tennessee, and that he needs help filling out "these forms[,]" presumably referring to the service packets that the Court mailed him with a copy of its screening order. (Doc. No. 8, PageID# 56.) He also repeats his assertion about Grossman's and Lestor's firing, and states that he lacks the resources to locate them. (Doc. No. 8.) Since Perkins requested counsel, he has been able to complete service packets for the defendants, and the Court will order production of the last known addresses of those who no longer work at the TTCC. Further, the legal and factual issues involved in this case are not unusually complex, and Perkins has already demonstrated an ability to adequately communicate his position to the Court. (Doc. Nos. 1, 2, 4, 5, 8, 10.) Accordingly, Perkins's request for appointment of counsel will be denied without prejudice to renewal if circumstances in this litigation change significantly—for instance, if Perkins's claims survive a motion for summary judgment.

### III. Conclusion

For the foregoing reasons, Warden Byrd or another authorized representative of the TTCC is DIRECTED to file the last known addresses of Mrs. Grossman and Sergeant Lestor under seal by August 26, 2020, and Perkins's request for appointment of counsel (Doc. No. 8) is DENIED WITHOUT PREJUDICE.

The Clerk's Office is DIRECTED to send a copy of this Order to Warden Raymond Byrd, Trousdale Turner Correctional Center, 140 Macon Way, Hartsville, TN, 37074.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge