UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEROME PERKINS,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL WASHBURN et al.,<br><br>    Defendants. | Case No. 3:19-cv-00959<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On September 16, 2021, the Court found that pro se Plaintiff Jerome Perkins had adequately responded to the Court's order to show cause why his claims should not be dismissed for failing to respond in opposition to the defendants' motion for summary judgment. (Doc. No. 64.) Perkins, who is incarcerated and proceeds *in forma pauperis*, was ordered to file a response in opposition to the defendants' pending motion for summary judgment by October 14, 2021. (*Id.*)

On October 7, 2021, the Court received an unsigned, undated letter entitled "motion to show cause," which appears to address the arguments in the defendants' motion for summary judgment. (Doc. No. 65.) The letter arrived in an envelope labeled with Perkins's name, return address, and Tennessee Department of Corrections identification number. (*Id.*) It appears that Perkins intends this letter to be his response to the defendants' motion to summary judgment. However, because the response does not comply with the requirements of this Court and the Federal Rules of Civil Procedure, it must be refiled.

All documents filed with the Court must be signed and dated. Federal Rule of Civil Procedure 11 requires "[e]very pleading, written motion, and other paper [to] be signed . . . by a

party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "As Rule 11(a) is now framed, . . . the requirement of a signature [indicates], as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). If a party does not promptly correct an unsigned paper after the omission is called to their attention, "[t]he court must strike [the] unsigned paper . . . ." Fed. R. Civ. P. 11(a). Filings must also be dated to ensure that they were filed within the deadlines established by the Court. For litigants who are incarcerated, legal mail is considered "filed" when it is handed over to prison authorities for mailing to the Clerk of Court. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Courts assume, "absent contrary evidence," that an incarcerated person handed over a legal filing to prison authorities "on the date he or she signed [it]." *Id.*

In light of Perkins's pro se status, the Court will EXTEND the deadline for him to respond to the defendants' motion for summary judgment. Perkins is ORDERED to file a signed and dated response to the defendants' motion for summary judgment by October 29, 2021. Failure to do so may result in a recommendation of dismissal under Rule 41(b) for failure to prosecute.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge